# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PABLO ACRE, et al.,** : | **CIVIL ACTION NO. 1:04-CV-0832** |
| Plaintiffs : | (Judge Conner) |
| v. : | |
| **CHASE MANHATTAN MORTGAGE** : | |
| **CORP., et al.,** : | |
| Defendants : | |

## MEMORANDUM

Two of the plaintiffs in this case, Terry Burdick and Flordaliza Burdick ("the Burdicks"), have moved for a preliminary injunction to stop the sale of their home. Chase Manhattan Mortgage Corp. ("Chase"), a lending institution that holds the mortgage on the home, instituted collection proceedings against the Burdicks for amounts due on the mortgage in October 2003 and, in February 2004, secured a default judgment in the case.[1]  Soon thereafter, the Burdicks joined with scores of other individuals in the above-captioned lawsuit against Chase, alleging that the lender conspired with appraisers and brokers to inflate real estate values and induce buyers to purchase homes that they could not afford.  These claims were referred to mediation, but Chase continued to pursue collection efforts on the default judgment entered against the Burdicks.  A writ of execution was issued in June 2005, and a public auction of the Burdicks' home, to satisfy the judgment, is

---

[1] See Chase Manhattan Mort. Corp. v. Burdick, No. 4:03-CV-1926 (M.D. Pa. Feb. 24, 2004).

scheduled for tomorrow morning.  The motion for a preliminary injunction was filed earlier today.

The court is not in a position to stop the sale.  A preliminary injunction may issue only when necessary to ensure that, at the conclusion of the case, the plaintiff can be accorded the remedy sought in the complaint.  De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 219-23 (1945), quoted with approval in Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 318-21, 324-33 (1999).  It is not intended, and cannot be used, to resolve collateral issues or to assure generally that the plaintiff will be able to enjoy the fruits of judgment in the most beneficial manner.  It is reserved for those relatively rare instances when actions or inactions of other parties may impair or eliminate the court's ability to enter judgment, partially or wholly.  Id.  Only when this correlation is established, between the relief requested in the motion for preliminary injunction and the relief sought in the complaint, may a preliminary injunction issue.  Id.

The correlation is absent in this case.  The complaint does not request a permanent injunction against the sale of the Burdicks' home or against further prosecution of execution proceedings.  It does not demand a retroactive reduction in amounts due on the mortgage or an amendment of the default judgment.  It seeks only an award of compensatory damages and disgorgement by Chase of its "ill-gotten gains."  Counsel conceded during a hearing on the motion[2] that, despite

---

[2] The hearing was held earlier today.

2

the complaint's prayer for "all applicable injunctive and equitable relief," the complaint does not seek a permanent injunction against the sale of the home. All of the relief requested in this case can be granted in the absence of an injunction.

The Burdicks suggest that, if they are awarded a favorable monetary judgment in this case, they will be able to satisfy the judgment entered against them and retain their home and that, if an injunction is not issued immediately, this option will be lost. While the court sympathizes with the Burdicks' predicament, the loss of this opportunity does not provide the connection necessary to support injunctive relief. The fact remains that the remedy demanded in the complaint, financial compensation and restitution, can be provided to the Burdicks whether or not the sale goes forward. Their prospective plans to use the funds to be potentially obtained through a favorable judgment in this case is wholly collateral to the issues before the court.

The Burdicks' position is, to say the least, unfortunate. But this court is constrained by more than two hundred years of precedent holding unequivocally that a preliminary injunction may issue only to protect the availability of relief sought in the complaint. See Grupo Mexicano, 527 U.S. at 318-24.[3] The forum for the Burdicks' challenge to the execution proceedings is in the case in which the

---

[3] See generally Stephen B. Burbank, The Bitter with the Sweet: Tradition, History, and Limitations on Federal Judicial Power—A Case Study, 75 NOTRE DAME L. REV. 1291 (2000).

underlying default judgment was entered. This court, in this case, has no authority to alter or stay those proceedings.

An appropriate order will issue.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge

Dated:       August 24, 2005

**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PABLO ACRE, et al.,** | : | **CIVIL ACTION NO. 1:04-CV-0832** |
| **Plaintiffs** | : | **(Judge Conner)** |
| v. | : | |
| **CHASE MANHATTAN MORTGAGE CORP., et al.,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 24th day of August, 2005, upon consideration of plaintiff's motion for preliminary injunctive relief (Doc. 53), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 53) is DENIED.

                                            S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge