IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PABLO ACRE**, et al., | : | CIVIL ACTION NO. 1:04-CV-0832 |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| | : | |
| **CHASE MANHATTAN MORTGAGE CORP.**, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 23rd day of March, 2007, upon consideration of the motion for a briefing schedule (Doc. 164), filed by defendants Gene Percudani, Chapel Creek Homes, Inc., Raintree Homes, Inc., Y-Rent, Inc., and Chapel Creek Mortgage Banker, Inc., requesting that the court set a briefing schedule on their motion for summary judgment (Doc. 107), and it appearing that defendants filed a statement of material facts (Doc. 109) and brief in support (Doc. 110) of their motion for summary judgment, but that some of defendants material facts do not "include references to the parts of the record that support the statements,"[1] see L.R. 56.1, and it further appearing that the order of court dated November 30, 2006 (Doc. 118) stayed the

---

[1] For example, defendants assert that numerous plaintiffs had loans extended by Chase before February 27, 1997 without including record references demonstrating when these plaintiffs had loans extended by Chase. (See Doc. 109 ¶ 1.) Likewise, defendants aver, with record references, that defendant Dominick Stranieri did not perform appraisals for numerous plaintiffs or that Stranieri acted under the supervision of another appraiser for numerous other plaintiffs. (See Doc. 109 ¶ 2.) These are just a few examples of defendants' material facts that do no comply with Local Rule 56.1.

briefing schedule on defendants' motion for summary judgment (Doc. 107) pending resolution of discovery issues,[2] it is hereby ORDERED that:

1. The motion for a briefing schedule (Doc. 164) is GRANTED.

2. The stay on the briefing schedule for defendants' motion for summary judgment (Doc. 107) is LIFTED.

3. On or before April 10, 2007, defendants shall file a revised statement of material facts in support of their motion for summary judgment (Doc. 107).

   a. The statement of material facts shall include <u>specific references to the parts of the record</u> that support the statements and shall comply in all respects with Local Rule 56.1.

   b. Failure to file timely a statement of material facts in accordance with Local Rule 56.1 will result in the motion for summary judgment (Doc. 107) being deemed withdrawn.

4. On or before April 25, 2007, plaintiffs shall file a brief in opposition to the motion for summary judgment (Doc. 107) and a statement of material facts specifically responding to the numbered paragraphs in defendants' revised statement of material facts.  See L.R. 7.6, 56.1.

      /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] The court notes that the stay on the briefing schedule also involved defendants motion for summary judgment in a related case (Civil Action No. 3:01-CV-1182, Doc. 306).  (See Doc. 118 ¶ 1.)  However, defendants have not filed a motion for briefing schedule in the related case.  Therefore, the court will lift the stay and set a briefing schedule only in the instant case.